UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15-CV-00476-JHM

CLARENCE FLEET and
MARQUES FLEET                                                                                          PLAINTIFFS

V.

COMMONWEALTH OF KENTUCKY CABINET
FOR HEALTH & FAMILY SERVICES,
DEPARTMENT OF COMMUNITY BASED SERVICES,
DIVISION OF PROTECTION & PERMANANCY,
CHILD SAFETY BRANCH;
CITY OF RADCLIFF, KENTUCKY;
NICOLE WALKER; BRIAN DAVIS; CHRIS THOMPSON;
JOHN DOE No. 1; and JOHN DOE No. 2                                                       DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), by Defendants Commonwealth of Kentucky Cabinet for Health and Family Services, Department of Community Based Services, Division of Protection and Permanency, Child Safety Branch and Nicole Walker (in her official capacity) (the "CHFS Defendants") [DN 12], and a motion to dismiss pursuant to Rule 12(b)(6) by Defendants City of Radcliff, Brian Davis, and Chris Thompson (the "City Defendants") [DN 13].[1]  Fully briefed, this matter is ripe for decision.  For the following reasons, CHFS Defendants' Motion to Dismiss is **GRANTED in part** and City Defendants' Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

This case arises out of a domestic dispute on June 14, 2010, wherein Plaintiff Clarence Fleet allegedly threw a can of oven cleaner at his then-minor son, Plaintiff Marques Fleet,

---

[1] Both motions also pertain to John Does No. 1 and No. 2 to the extent they are intended by Plaintiffs' Complaint to represent employees of CHFS and the City of Radcliff, respectively.

striking him. (Compl. [DN 1] ¶¶ 12–18.) Law enforcement officers employed by the City of Radcliff (Defendants Davis and Thompson) and a social worker employed by Kentucky's Cabinet for Health and Family Services (Defendant Walker) allegedly investigated the incident. (Id.) According to the Complaint, Clarence was arrested for assault in the fourth degree and Marques was "given over to the custody of a neighbor." (Id. ¶ 17.) The Complaint alleges that "Marques, despite being a minor child, was interviewed by one or more Defendants without parental supervision and was removed from Clarence's custody without due process of law."[2] (Id. ¶ 18.) Further, Plaintiffs allege that the CHFS Defendants "subsequently caused Marques's removal from Clarence's custody to be made permanent." (Id. ¶ 19.) According to Plaintiffs, Clarence was acquitted of all criminal charges stemming from this oven-cleaner incident by a Hardin County jury on January 5, 2011. (Id. ¶ 20.)

Plaintiffs filed suit in this Court on June 15, 2015. They named the following Defendants: CHFS, the City of Radcliff, Nicole Walker, Brian Davis, Chris Thompson, John Doe No. 1, and John Doe No. 2. The unnamed and unknown "John Doe" Defendants are allegedly employees of CHFS "and/or" the City of Radcliff. (Compl. [DN 1] ¶ 10.) Each of the individual Defendants is named in his or her individual and official capacity. (See id. at 1–2.) Plaintiffs assert various claims under 42 U.S.C. § 1983 for: (1) denial of parental rights (Count I) against Defendants CHFS, Walker, the City of Radcliff, Thompson, and Davis;[3] (2) conspiracy (Count II) against all Defendants; and (3) failure to supervise (Count III) against Defendants

---

[2] CHFS Defendants represent that, on information and belief, Marques was 15 years old at the time of the oven cleaner assault incident, and that he was 20 years old at the time Defendants' motion was filed.

[3] Plaintiffs allege in Count I that "the conduct of all Defendants were [sic] subject to 42 U.S.C. §§ 1983, 1985, 1986, [and] 1988." (Compl. [DN 1] ¶ 22.) Section 1983 grants a right of action to persons claiming to have been deprived of "rights, privileges, or immunities secured by the Constitution" or federal law. 42 U.S.C. § 1983. Similarly, § 1985 grants a right of action to persons claiming to have been deprived of rights, privileges, or immunities secured by the Constitution or federal law because of a conspiracy. See 42 U.S.C. § 1985(3). Section 1986 imposes liability upon persons who knowingly fail to prevent violations of § 1985. Section 1988 provides for recovery of attorney's fees in civil rights cases.

2

CHFS, the City of Radcliff, and John Does No. 1 and 2.[4]  The Complaint also includes a state-law claim for violation of the Kentucky Civil Rights Act, KRS Ch. 344 (Count IV).  Plaintiffs seek monetary damages and include a "catch-all" request for "[a]ny and all other legal and equitable relief" to which they may be entitled.  (Compl. [DN 1] 8–9.)

Both CHFS Defendants and City Defendants have moved to dismiss the claims against them.  CHFS Defendants further move to dismiss the claims against Walker in her individual capacity, who has not been validly served with process.

## II. STANDARD OF REVIEW

Threshold challenges to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) should generally be decided before any ruling on the merits under Rule 12(b)(6).  See Bell v. Hood, 327 U.S. 678, 682 (1946).  In most circumstances, a plaintiff, as the party invoking federal jurisdiction, bears the burden to survive Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction.  Id.

Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "generally come in two varieties: a facial attack or a factual attack."  Gentek Bldg. Products, Inc. v. Sherwin-Williams Co., 491 F.3d 320, 330 (6th Cir. 2007).  "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading."  Id.  "When reviewing a facial attack, a district court takes the allegations in the complaint as true," similar to reviewing a Rule 12(b)(6) motion to dismiss.  Id.  A factual attack contests the existence of factual prerequisites to jurisdiction.  Id.  When examining a factual attack, "the court

---

[4] All three counts are labeled as "Violation of 42 U.S.C. § 1983."  (See Compl. [DN 1].)  Section 1983, however, is not a source of substantive rights; it is merely the vehicle by which Plaintiffs may assert their constitutional claims.  Mount Elliott Cemetery Ass'n v. City of Troy, 171 F.3d 398, 400 n.1 (6th Cir. 1999) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  Plaintiffs' claims are somewhat unclear from the Complaint.  However, viewing the Complaint and Plaintiffs' brief in the light most favorable to the Fleets, the Court suspects that the Complaint asserts that CHFS Defendants infringed upon the Fleets' right to familial association without due process of law and, based in part upon Defendants' reading of the Complaint, perhaps also a wrongful arrest claim and/or a malicious prosecution claim.

can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." Carrier Corp. v. Outokumpu Oyj, 673 F.3d 430, 440 (6th Cir. 2012). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Upon a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," id., and determine whether the "complaint states a plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability," id. at 678 (quoting Twombly, 550 U.S. at 557), or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct," id. at 679. Instead, the allegations must "'show[] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

CHFS Defendants move this Court pursuant to Rule 12(b)(1) and (6) for partial dismissal of Plaintiffs' Complaint, dismissing the defendant state agency (and all its component divisions) and dismissing all the official capacity claims asserted against its agents or employees. CHFS Defendants argue (1) that Plaintiffs' § 1983 claims against CHFS and § 1983 claims seeking

monetary relief against Walker and John Does Nos. 1 and 2, to the extent they are alleged to have been employed by CHFS, in their official capacities are barred by the Eleventh Amendment, sovereign immunity, and the Will doctrine; (2) that Plaintiffs do not have Article III standing to seek prospective injunctive or declaratory relief; and (3) that Plaintiffs' § 1983 claims against all Defendants are time-barred by the one-year statute of limitations. CHFS Defendants also request this Court dismiss all of its employees named individually, despite the lack of valid service upon them,[5] in the interest of judicial economy. CHFS Defendants contend that all the individual capacity claims fail as a matter of law and should be dismissed under Rule 12(b)(6) because (1) the claims are insufficiently pleaded; (2) the defendants are immune from suit, and (3) the claims are barred by the one-year statute of limitations. CHFS Defendants also move to dismiss Plaintiffs' state-law claim.

City Defendants move the Court to dismiss Plaintiffs' Complaint, with prejudice, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[6] City Defendants contend that Plaintiffs' § 1983 claims are barred by the one-year statute of limitations and that the KCRA has no application to this case.

### A. CHFS Defendants' Motion

The Sixth Circuit has "not spoken with one voice on whether we must, or whether we may, resolve a sovereign-immunity defense before addressing the merits." Nair v. Oakland Cnty. Cmty. Mental Health Auth., 443 F.3d 469, 474–77 (6th Cir. 2006). Where a State declines to raise sovereign immunity as a threshold defense, "federal courts have discretion to address the sovereign-immunity defense and the merits in whichever order they prefer." Id. at 477

---

[5] CHFS represents that Plaintiffs have not achieved valid service of process on Defendant Nicole Walker. (See [DN 12-1] 29.) See infra Section III.A.4.

[6] Unlike with the other motion to dismiss, the individual defendants Davis and Thompson are before the Court in their individual, as well as official, capacity.

5

(defendants raised sovereign immunity as alternative ground for dismissal; court had discretion to address merits first). But where a State raises sovereign immunity as a jurisdictional defect, it "must be decided before the merits." Russell v. Lundergan-Grimes, 784 F.3d 1037, 1046 (6th Cir. 2015) ("rather than an affirmative defense, the Eleventh Amendment is a true jurisdictional bar that courts can—but are not required to—raise *sua sponte* at any stage in litigation, and, once raised as a jurisdictional defect, must be decided before the merits"). Here, CHFS Defendants have raised Eleventh Amendment sovereign immunity as a threshold defense; therefore, the Court addresses it before the merits.[7]

### 1. Sovereign Immunity, Eleventh Amendment, Will Doctrine

Plaintiffs' claims against CHFS are barred by the Eleventh Amendment and sovereign immunity. Under the Eleventh Amendment to the United States Constitution,[8] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has expressly abrogated states' immunity. Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div., 987 F.2d 376, 381 (6th Cir. 1993); see Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100–02 (1984). CHFS is an arm of the state. See Hatfield v. Cabinet for Health & Family Servs., No. CIV. 5:13-222-KKC, 2014 WL 1246354, at *2 (E.D. Ky. Mar. 25, 2014) ("It is well-established that CHFS is an 'arm of the state' for Eleventh Amendment purposes . . . ."). The Commonwealth of Kentucky has not waived its immunity, Adams v. Morris, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting §

---

[7] City Defendants, of course, have not raised Eleventh Amendment sovereign immunity as a threshold defense, as "subdivisions of the state, such as counties and municipalities, are not protected by the Eleventh Amendment." Lawson v. Shelby Cnty., TN, 211 F.3d 331, 335 (6th Cir. 2000). Suits may be brought by private citizens against counties and municipalities under § 1983. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690–92 (1978).

[8] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has interpreted the Eleventh Amendment to bar suits against a state not only by citizens of another state and foreigners, but also by its own citizens. Hans v. Louisiana, 134 U.S. 1, 18 (1890).

1983, Congress did not intend to override the traditional sovereign immunity of the states, Quern v. Jordan, 440 U.S. 332, 341–42, 344–45 (1979); Whittington v. Milby, 928 F.2d 188, 193–94 (6th Cir. 1991) (recognizing that § 1983 claims against a state agency are barred by the Eleventh Amendment); see Ferritto v. Ohio Dep't of Highway Safety, 928 F.2d 404 (6th Cir. 1991) (unpublished table decision) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."). Therefore, Plaintiffs claims against CHFS cannot proceed. See Sefa v. Kentucky, 510 F. App'x 435, 437 (6th Cir. 2013); Whittington, 928 F.2d at 193–94; Barrett v. Benchmark Family Servs., Inc., No. CIV.A. 6:07-406DCR, 2008 WL 2050996, at *1–2 (E.D. Ky. May 12, 2008) (CHFS entitled to Eleventh Amendment immunity). Moreover, CHFS is not a "person" subject to suit under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that state, state agencies, and state officials acting in their official capacity are not "persons" subject to suit under § 1983).

Plaintiffs' claims against Walker and CHFS John Doe Supervisor Defendants in their official capacities are barred by the Eleventh Amendment and the Will doctrine to the extent they seek monetary relief. The Eleventh Amendment "bars suits for monetary relief against state officials sued in their official capacity." Thiokol Corp., 987 F.2d at 381. However, under the doctrine of Ex parte Young, 209 U.S. 123 (1908), prospective non-monetary relief against a state official in her official capacity to prevent future constitutional or federal statutory violations is not barred by the Eleventh Amendment. 209 U.S. at 159–60. Likewise, while a state official sued in her official capacity for *monetary* relief is not a "person" subject to suit under § 1983, Will, 491 U.S. at 71, a state official sued in her official capacity for prospective injunctive or declaratory relief is subject to suit, id. at 71 n.10; Wolfel v. Morris, 972 F.2d 712, 718–19 (6th Cir. 1992). Further, a state official sued in her individual capacity for monetary relief is a

7

"person" subject to suit under § 1983. Hafer v. Melo, 502 U.S. 21, 25–28 (1991). Thus, while the Eleventh Amendment and Will bar claims for monetary damages against Walker and CHFS John Doe Supervisor Defendant in their official capacities, Plaintiffs may seek prospective injunctive or declaratory relief from Walker and CHFS John Doe Supervisor Defendant in their official capacities under Ex parte Young.

### 2. Standing to Seek Prospective Injunctive or Declaratory Relief

"In order to fall within the Ex parte Young exception, a claim must seek prospective relief to end a continuing violation of federal law." Diaz v. Mich. Dep't of Corr., 703 F.3d 956, 964 (6th Cir. 2013). While a claim for an injunction can be maintained against a state official in her official capacity, Ex parte Young, a plaintiff must have standing to advance such a claim, City of Los Angeles v. Lyons, 461 U.S. 95, 101–02 (1983). CHFS Defendants contend that Plaintiffs lack standing to seek prospective injunctive or declaratory relief against Walker and CHFS John Doe Supervisor Defendants in their official capacity. A plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). "Further, a plaintiff must have standing for *each* claim he asserts." Cohn v. Brown, 161 F. App'x 450, 454–56 (6th Cir. 2005); see Lyons, 461 U.S. at 105 (finding that a plaintiff's standing for damages claim does not establish his standing to seek injunctive relief). Although Marques and Clarence have standing to sue under § 1983 for *past harms*, they each "must demonstrate separate standing to seek declaratory or injunctive relief focused on prospective harm." Barber v. Miller, 809 F.3d 840, 849 (6th Cir. 2015). Although such relief is not definitively sought in the Complaint, Plaintiffs do briefly discuss such relief in their response, (see Pls.' Resp. to CHFS Defs.' Mot. Dismiss [DN 14] 2), therefore the Court will address it.

Plaintiffs, apparently, seek injunctive relief as to the alleged "official policy or custom" pursuant to which their rights were allegedly violated in the past. To demonstrate Article III standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). "[T]o have standing to seek an injunction against purportedly illegal future conduct by a state official, a plaintiff must show a 'real and immediate threat' of injury; past exposure to illegal conduct, by itself, is insufficient." Campbell v. Univ. of Louisville, 862 F. Supp. 2d 578, 584 (W.D. Ky. 2012) (citing Lyons, 461 U.S. at 102–03); accord Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury").

Here, Clarence and Marques have not established sufficient injury in fact to seek injunctive relief to enjoin the alleged "official policy or custom." Plaintiffs note that "Marques' majority does not render the past violation of his rights moot merely because [CHFS Defendants] are no longer in position to violate them that way again." (Pls.' Resp. [DN 14] 2.) Though true, there is no dispute that Plaintiffs' have standing to seek relief for the alleged past harms; the issue here is whether Clarence and Marques have standing to seek prospective injunctive relief. See Lyons, 461 U.S. at 105. Plaintiffs do not appear to offer an argument that they do; they

9

merely assert that the "official policy or custom" is amenable to injunctive repair. (Pls.'s Resp. [DN 14] 2.)

However, the alleged "official policy or custom" under which Plaintiffs' rights were allegedly violated in the past is insufficient to establish injury-in-fact required to confer standing to sue for declaratory and injunctive relief. Unless a past injury is accompanied by continuing, present adverse effects, it does not in itself show a present case or controversy regarding injunctive relief. Lyons, 461 U.S. at 102 (quoting O'Shea v. Littleton, 414 U.S. 488, 495–96 (1974)). Plaintiffs have not pleaded any continuing, present adverse effects that would show a present case or controversy for injunctive relief. And, given that Marques has reached the age of majority, any threat of future injury to either Plaintiff is purely speculative (if not logically impossible). "[W]here the threat of repeated injury is speculative or tenuous, there is no standing to seek injunctive relief." Grendell v. Ohio Supreme Court, 252 F.3d 828, 833 (6th Cir. 2001) (citing Lyons, 461 U.S. at 109). In Handley v. Coursey, No. 1:15-CV-00056-GNS-HBB, 2015 WL 3581002 (W.D. Ky. June 5, 2015), the plaintiffs claimed CHFS social workers in the past had interfered with their parental rights and sought an injunction to prevent future occurrences. Judge Stivers denied such relief, finding that the threat of the plaintiffs' future injury was highly conjectural and too tenuous, resting on a string of actions the occurrence of which was merely speculative. Id. at *3. Here, the threat of Plaintiffs' future injury is even more speculative than in Handley. Marques's majority, as Plaintiffs appear to concede, makes it so that CHFS Defendants could not violate Plaintiffs' rights again in the future. Accordingly, the Court finds that Plaintiffs have not established sufficient injury in fact to seek declaratory and injunctive relief to enjoin the alleged "official policy or custom."

For the reasons stated above, Plaintiffs' claims against CHFS and claims against Walker and CHFS John Doe Supervisor Defendants in their official capacities seeking monetary relief are barred by the Eleventh Amendment and the Will doctrine. Further, Plaintiffs lack standing to seek prospective equitable relief against Walker and CHFS John Doe Supervisor Defendants. Accordingly, these claims are **DISMISSED with prejudice**.

### 3. CHFS John Doe Supervisors in Individual Capacity

CHFS Defendants contend that Plaintiffs' claims against CHFS John Doe Supervisors in their individual capacity fail to state a claim upon which relief can be granted. The Court agrees and accordingly dismisses those claims.[9]

First, Plaintiffs' conspiracy claim is inadequately pled. In Count II, Plaintiffs allege that Defendants conspired to deprive Clarence and Marques of their civil rights. "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." Hensley v. Gassman, 693 F.3d 681, 695 (6th Cir. 2012) (quoting Hooks v. Hooks, 771 F.2d 935, 943–44 (6th Cir. 1985)). To state a claim for conspiracy, a plaintiff must show "[1] that there was a single plan, [2] that the alleged coconspirator shared in the general conspiratorial objective, and [3] that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." Id. While the Sixth Circuit has recognized that conspiracy may serve as a theory of liability in claims advanced pursuant to § 1983, it is well-settled that "conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." Spadafore v. Gardner, 330 F.3d 849, 854 (6th Cir. 2003).

---

[9] The Court also notes that Plaintiffs have not moved to amend their Complaint to identify the John Doe Defendants. Nor do Plaintiffs allege that they have served either of the John Doe Defendants with service of process within 120 days of her filing of the Complaint. Fed. R. Civ. P. 4(m) (2015).

In this case, Plaintiffs' claim of conspiracy merely asserts that the Defendants conspired for the purpose of depriving Plaintiffs of their civil rights. Plaintiffs' claim is conclusory and fails to include allegations regarding an agreement or shared plan between the individual defendants, as well as overt acts taken in furtherance of the conspiracy. The Complaint merely contains labels and conclusions and, as such, fails to state a claim for conspiracy upon which relief can be granted.

Second, Plaintiffs' claim of supervisory liability is inadequately pled. In their Complaint, Plaintiffs allege that John Doe(s) (as well as CHFS and Radcliff) violated their civil rights by failing to supervise Walker to refrain from wrongful conduct; by knowing of said wrongs and, with power to prevent them, failed to do so; and by approving and/or ratifying said wrongful conduct. (See Compl. [DN 1] ¶¶ 30–32.) "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." Grinter v. Knight, 532 F.3d 567, 575 (6th Cir. 2008) (quoting Miller v. Calhoun Cnty., 408 F.3d 803, 817 n.3 (6th Cir. 2005)). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." Id. (quoting Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)). Plaintiffs have not alleged that CHFS John Doe Supervisors committed any actual acts, nor have they alleged specific facts to support their conclusory allegations. Accordingly, the Court **DISMISSES without prejudice** Plaintiffs' claims against CHFS John Doe Supervisor Defendants in their individual capacity.

### 4. Walker in Individual Capacity

In addition to other arguments, CHFS contends that Plaintiffs have not achieved valid service of process on Defendant Nicole Walker. (See [DN 12-1] 29.) CHFS contends that

Plaintiffs attempted to serve Walker by certified mail, return receipt requested, which was mailed to an address that is not Walker's personal residence and it was not signed for by Walker. The summons and the attached return of service supports such a contention, as the signatory of the return receipt is not Walker, but an individual named Michelle Schulenburg. ([DN 8] 3.)

Federal Rule of Civil Procedure 4(e) provides how an individual within a judicial district of the United States may be served. Under Rule 4(e), in a case pending in a federal court located in Kentucky, service may be made upon an individual defendant by: following Kentucky law for serving a summons brought in courts of general jurisdiction in Kentucky; "delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Under the Kentucky rules, service may be effectuated by certified mail on an individual defendant, but only if the defendant personally signs for the letter when it arrives. See CR 4.01(1)(a); King v. Taylor, 803 F. Supp. 2d 659, 668 (E.D. Ky. 2011) rev'd on other grounds, 694 F.3d 650 (6th Cir. 2012); Colebrook v. Ky. Dep't of Motor Vehicle Enf't, No. CIV.A. 08-110-JGW, 2010 WL 4979072, at *3 (E.D. Ky. Dec. 2, 2010) (in Kentucky, "certified mail must be signed for and accepted by the defendant"). In Douglas v. University of Kentucky Hospital, No. 2006–CA–002149–MR, 2008 WL 2152209, at *1 (Ky. Ct. App. May 23, 2008), the Kentucky Court of Appeals construed the impact on service where a nonparty signed the return receipt in lieu of the intended party. There, the court interpreted CR 4.01 to mean service was complete upon delivery of the envelope, but where the signatory was not the intended recipient, that goal remained unaccomplished. Id. at *3. Although the court recognized the plaintiffs had

13

attempted to comply with CR 4.01 in good faith, the rule did not provide such an exception and failure to abide by this strict interpretation divested the court of personal jurisdiction over the intended defendant. Id. "Accordingly, CR 4.01 requires that the individual to be served must sign for the letter upon the arrival." Treat v. Shedlofsky, No. 3:10-CV-00745-R, 2012 WL 122561, at *5 (W.D. Ky. Jan. 17, 2012) (discussing Douglas and applying CR 4.01); see King, 803 F. Supp. 2d at 668; Colebrook, 2010 WL 4979072, at *3.

Here, a cursory examination of the record and examination of the return receipt would have revealed that the summons and complaint were not signed for by Walker, for whom they were intended. At the very least, Ms. Schulenburg's name on the return receipt should have led one to inquire whether or not she was an authorized agent of the addressee. According to the proof of service filed by Plaintiffs' counsel, the summons was personally served by certified mail "upon Michelle Schulenburg, agent for Nicole Walker." It is unclear to the Court how the agency conclusion was reached. There is a mark on the return receipt, overlapping the signature of Ms. Schulenburg that grazes both the "Addressee" and the "Agent" boxes. (See [DN 8].) Plaintiffs do not address the lack of valid service in their response brief, although they appear to be aware that Walker is not before the Court, nor are any further attempts to perfect service of process on Walker clear from the record.

According to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (2015).[10] The 120-day period expired on October 13, 2015, and the record reveals that Plaintiffs have made no attempts to serve Walker. The Court will, therefore, provide Plaintiffs with an opportunity to show cause for their failure to comply with the 120-day service requirement or face dismissal of this action against Defendant Walker in her individual capacity in accordance with Rule 4(m).

### B. City Defendants' Motion

Plaintiffs' § 1983 claims against City Defendants are barred by the applicable one-year statute of limitations.[11] Although generally a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is an "inappropriate vehicle for dismissing a claim based upon the statute of limitations," when "the allegations in the complaint affirmatively show that the claim is time-barred," "dismissing the claim under Rule 12(b)(6) is appropriate." Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012) (citing Jones v. Bock, 549 U.S. 199, 215 (2007)).

Because 42 U.S.C. § 1983 does not contain its own statute of limitations, actions brought under this section are governed by the limitations period for personal injury cases in the state in which the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007) (state statute of limitations applies to § 1983 actions); Bowden v. City of Franklin, Ky., 13 F. App'x 266, 272 (6th Cir. 2001) (state statute of limitations applies to § 1985 claims). Kentucky has a one-year

---

[10] Federal Rule of Civil Procedure 4(m) was amended to change the time limit for service to 90 days on April 29, 2015, effective December 1, 2015. Whether the amended 90-day period or the prior 120-day period applies is not dispositive, because under either, the time limit for service has expired.

[11] And, to the extent that any were sufficiently pleaded, Plaintiffs' §§ 1985 and 1986 claims are time-barred. Section 1985 concerns conspiracies to violate federal civil rights and § 1986 addresses actions for failure to prevent such conspiracies. The same state-law statute of limitations, here, one year, KRS 413.140(1), applies to § 1985 actions. See Bowden v. City of Franklin, Ky., 13 F. App'x 266, 272 (6th Cir. 2001) (state statute of limitations applies to § 1985 claims). Section 1986 contains its own limitations period, also of one year. See 42 U.S.C. § 1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").

Accordingly, any claim for fees under § 1988 is dismissed. Recovery of attorney's fees under § 1988 is predicated upon a plaintiff's receiving relief against the defendants. Ferritto v. Ohio Dep't of Highway Safety, 928 F.2d 404 (6th Cir. 1991) (unpublished table decision); Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989). Thus, "where a defendant has not been prevailed against, either because of legal immunity or on the merits, section 1988 does not authorize a fee award against that defendant." Kentucky v. Graham, 473 U.S. 159, 165 (1985).

statute of limitations for personal injury actions, KRS 413.140(1)(a). Million v. Raymer, 139 S.W.3d 914, 919 (Ky. 2004). Thus, § 1983 claims arising in Kentucky are subject to the one-year limitations period under KRS 413.140(1)(a). Id.; Collard v. Ky. Bd. of Nursing, 896 F.2d 179, 182 (6th Cir. 1990) (applying KRS 413.140(1)(a) to a claim arising under 42 U.S.C. § 1983); see also Fox v. DeSoto, 489 F.3d 227, 232–33 (6th Cir. 2007) (no dispute that plaintiff's § 1983 claims were governed by the one-year statute of limitations of KRS 413.140(1)).

Notwithstanding this clear precedent, Plaintiffs argue that the five-year limitations period provided in KRS 413.120, which applies to "an action for an injury to the rights of the plaintiff," should apply. However, the Sixth Circuit squarely rejected this same argument in Collard. The court, interpreting and applying Wilson v. Garcia, 471 U.S. 261, 271–76 (1985) (directing federal courts to apply the single most analogous state personal injury statute of limitations to all claims brought under 42 U.S.C. § 1983) and Owens v. Okure, 488 U.S. 235, 240–41, 249–50 (1989) ("where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions"), analyzed Kentucky's statutory framework to determine the single appropriate statute of limitations to apply to all § 1983 claims and concluded "that section 1983 actions in Kentucky are limited by the one-year statute of limitations found in [KRS] 413.140(1)(a)." 896 F.2d at 181–82.

Having determined that Plaintiffs' § 1983 claims are subject to the one-year limitation period of KRS 413.140(1), the Court turns to the question of whether Plaintiffs' suit was timely filed. Having filed this action in this Court on June 15, 2015, Plaintiffs' § 1983 claims are only timely if the claims accrued on or after June 15, 2014. Unlike the applicable statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is *not*

resolved by reference to state law." Wallace, 549 U.S. at 388. In the Sixth Circuit, generally "the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." Eidson v. State of Tenn. Dep't of Children's Servs., 510 F.3d 631, 635 (6th Cir. 2007); see Collard, 896 F.2d at 183. "[I]n determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." Eidson, 510 F.3d at 635 (quoting Kuhnle Bros., Inc. v. Cnty. of Geauga, 103 F.3d 516, 520 (6th Cir. 1997)).

Here, all unlawful acts alleged that form the basis of the claims occurred more than one year prior to the filing of the Complaint and therefore the claims are time-barred. Plaintiffs allege that Clarence Fleet was arrested and charged with Assault in the Fourth Degree stemming from an incident that occurred on June 14, 2010. (See Compl. [DN 1] ¶ 16.)[12] A Fourth Amendment "claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." Fox v. DeSoto, 489 F.3d 227, 233 (6th Cir. 2007) (citing Wallace, 549 U.S. at 387–90). Plaintiffs do not say when Clarence was arrested or when he was released or brought before a judge. Due to this omission, it is unclear from the Complaint when the wrongful arrest claim accrued. However, this omission does not prevent the Court from determining that the claim is dilatory. Plaintiffs allege in the Complaint that "Clarence was acquitted of all charges related to the" June 14, 2010 incident on January 5, 2011. (Compl. [DN 1] ¶ 20.) Thus, it is clear that the wrongful arrest claim accrued between June 14, 2010 and January 5, 2011, and the one-year statute of limitations expired, at the latest, on

---

[12] Plaintiffs bring claims purportedly under the Due Process Clauses of the Fifth and Fourteenth Amendments. (See Compl. [DN 1].) However, the Due Process Clause of the Fifth Amendment applies only to instrumentalities of the federal government. See Davis v. City of Memphis Fire Dep't, 940 F. Supp. 2d 786, 802 (W.D. Tenn. 2013). And Plaintiffs may not rely on the Fourteenth Amendment when a more specific constitutional provision applies, such as the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 394–95 (1989); see also Cnty. of Sacramento v. Lewis, 523 U.S. 833, 842–43 (1998); United States v. Lanier, 520 U.S. 259, 272 n.7 (1997); See Albright v. Oliver, 510 U.S. 266, 273–74 (1994) (plurality opinion). Clarence Fleet's claims against City Defendants are properly characterized, therefore, as violations of his Fourth Amendment rights.

January 5, 2012. The claim of wrongful arrest filed on June 15, 2015, over three years later, is therefore barred by the applicable one-year statute of limitations.

Likewise, any malicious prosecution claim that could be read into Plaintiffs' Complaint is also time-barred. The Fourth Amendment governs a § 1983 malicious prosecution claim, which "encompasses wrongful investigation, prosecution, conviction, and incarceration." Sykes v. Anderson, 625 F.3d 294, 308–09 (6th Cir. 2010) (quoting Barnes v. Wright, 449 F.3d 709, 715–16 (6th Cir. 2006)). Such a claim accrues when "criminal proceedings have terminated in the plaintiff's favor." See Heck v. Humphrey, 512 U.S. 477, 489 (1994) (citing 1 Calvin C. Corman, Limitation of Actions § 7.4.1, at 532 (1991)). In the instant case, the Complaint alleges that Clarence was acquitted on January 5, 2011. The Complaint containing any malicious prosecution claim was filed on June 15, 2015, more than one year later; therefore, any such claim is barred by the applicable one-year statute of limitations.

Accordingly, the Court **DISMISSES with prejudice** Plaintiffs' federal claims against City Defendants as barred by the one-year statute of limitations.

### C. State Law Claims

In Count IV of their Complaint, Plaintiffs allege that Defendants have violated the Kentucky Civil Rights Act ("KCRA"), KRS Ch. 344. However, as both CHFS Defendants and City Defendants note, Plaintiffs have pled not facts that would support a cause of action under the KCRA.

The KCRA exists "[t]o safeguard all individuals within the state from discrimination because of familial status, race, color, religion, national origin, sex, age forty (40) and over, or because of the person's status as a qualified individual with a disability as defined in KRS 344.010 and KRS 344.030." KRS 344.020(1)(b). As Judge Stivers has recently stated:

> It prohibits such discrimination by employers (KRS 344.040, 344.045), by employment agencies (KRS 344.050), by labor organizations (KRS 344.060), in apprenticeship or training (KRS 344.070), in the advisement for employment (KRS 344.080), in renting or selling public accommodations (KRS 344.120), in the advertisement of goods, services, and accommodations (KRS [344.140]), and in restaurants, hotels, motels, or facilities supported by government funds, on the basis of sex (KRS [344.145]).

Klotz v. Shular, No. 3:14-CV-00723-GNS, 2015 WL 4556267, at *5 (W.D. Ky. July 28, 2015).

In their Complaint, Plaintiffs do not allege that any Defendants discriminated against them on the basis of their status as a member of any of the protected classes listed in KRS 344.020(1)(b), nor do their claims fall within any of the private causes of action listed in the KCRA. Plaintiffs, in their response to City Defendants' motion,[13] state that "[i]t is a matter of public record that the Fleets are African-American" and that "[i]t is their belief that [City Defendants'] actions herein were motivated, at least in part, by their race." (Pls.' Resp. to City Defendants' Mot. Dismiss [DN 16] 2.) Plaintiffs assert that their "failure to expressly allege this fact in their Complaint was an oversight which Plaintiffs will correct in an Amended Complaint at the convenience of the Court." (Id.). However, Plaintiffs have not filed any amended complaint. Based on the allegations in the Complaint, Plaintiffs' claims asserting a vague violation of the KCRA fail. Accordingly, the Court **DISMISSES without prejudice** Plaintiffs' state law claims against all Defendants.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that CHFS Defendants' Motion to Dismiss [DN 12] is **GRANTED in part** and City Defendants' Motion to Dismiss [DN 13] is **GRANTED**.

---

[13] Plaintiffs make no mention of their state law claim(s) in their response to CHFS Defendants' motion. (See Pls.' Resp. to CHFS Defendants' Mot. Dismiss [DN 14].)

19

**IT IS FURTHER ORDERED THAT**, within **21 days** of entry of this Order, Plaintiffs shall show good cause for not complying with Rule 4(m)'s 120-day service requirement. Failure to respond to this Order within the allotted time period **will result in dismissal** of Defendant Walker in her individual capacity from this action.

                                                    **Joseph H. McKinley, Jr., Chief Judge**
                                                      **United States District Court**

March 25, 2016

cc:     Counsel of Record